

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00156-CR

MAURICIO GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. F-2013-1236-E, Honorable Charles (Coby) Waddill, Presiding

November 9, 2016

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Mauricio Gomez appeals his conviction of the offense of driving while intoxicated, third offense or more,[1] and sentence of nine years imprisonment.[2] Appellant is represented by retained counsel.

---

[1] TEX. PENAL CODE ANN. § 49.09 (West Supp. 2016).

[2] The case was transferred from the Second Court of Appeals to our Court, under an order of the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001 (West 2013); TEX. R. APP. P. 41.3 (precedent of transferor court).

We previously abated this appeal and remanded the cause to the trial court on June 9, 2016, after appellant failed to request preparation and make acceptable payment arrangements for the reporter's record by the deadline for filing the appellate record. The clerk's record was timely filed. Pursuant to our order of abatement, the trial court held a hearing on June 30, and found appellant desired to prosecute his appeal, was indigent, and was entitled to have the reporter's record furnished without charge due to indigence. The appeal was reinstated on our docket on July 11. The reporter's record was filed on September 12.

Consequently, appellant's brief was due on October 12. Appellant did not file a brief nor request an extension of time by this deadline. On October 19, we sent appellant notice that his brief was past due. In that letter, we informed appellant that if he failed to file his brief by October 31, the appeal would be abated and the cause remanded to the trial court for further proceedings without further notice. Appellant did not file a brief and we have had no further communication from appellant's counsel.

Appellate Rule 38.8(b) provides, in part, that in a criminal case an appellant's failure to file a brief does not authorize either dismissal of the appeal nor consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule of Appellate Procedure 38.8(b).

On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant still desires to prosecute his appeal;

2. whether appellant still is indigent and entitled to the appointment of counsel;

3. whether retained counsel has abandoned the appeal;

4. whether appellant has failed to make the necessary arrangements for filing a brief;

5. the reason for the failure to file a brief;

6. if appellant desires to continue the appeal and is indigent, whether new counsel should be appointed to represent appellant on appeal; and

7. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court shall execute findings of fact, conclusions of law, and any orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 9, 2016.

It is so ordered.

Per Curiam

Do not publish.

3